AO 91 (Rev. 11/82)     **Under Seal**    **CRIMINAL COMPLAINT**     **ORIGINAL**

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>SHAWN ROBERT WHALIN | DOCKET NO.<br>SA 19-965M<br><br>MAGISTRATE'S CASE NO.<br><br>FILED<br>CLERK, U.S. DISTRICT COURT<br>DEC 26 2019<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY ___ DEPUTY |

Complaint for violation of Title 18 U.S.C. § 922(g)(1)

| NAME OF MAGISTRATE JUDGE<br>HONORABLE DOUGLAS F. McCORMICK | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br>Santa Ana, California |
|---|---|---|

| DATES OF OFFENSES<br>November 6, 2019 | PLACE OF OFFENSES<br>Santa Ana, CA | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

See attached affidavit.

LODGED
2019 DEC 26 PM 2:24
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY _____

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint.)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>FARSHID HASHEMPOUR<br>OFFICIAL TITLE<br>Task Force Officer, Federal Bureau of Investigation |
|---|---|

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE<sup>(1)</sup> | DATE<br>12/26/2019 |
|---|---|

<sup>(1)</sup> See Federal Rules of Criminal Procedure 3 and 54

AUSA Gregory Scally (714) 338-3592     REC: Detention

**A F F I D A V I T**

I, Farshid Hashempour, being duly sworn, hereby declare and state as follows:

## I. INTRODUCTION

1. I am a Detective with the Santa Ana Police Department ("SAPD") and also a federally deputized Task Force Officer ("TFO") presently working with the Federal Bureau of Investigation ("FBI"). As a TFO with the FBI, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. I am assigned to the Orange County Violent Gang Task Force ("OCVGTF"). The OCVGTF is composed of federal and local law enforcement agencies, including, but not limited to, the FBI, the SAPD, and detectives from the Anaheim Police Department. The OCVGTF is responsible for, among other things, investigating violations of federal law committed by criminal street gangs, the Mexican Mafia, and other violent criminal organizations in Orange County. Prior to this assignment with the FBI, I was a SAPD Police Officer and have been so employed for approximately eighteen years.

3. I have specialized training and experience in investigations of narcotics trafficking and criminal street gangs. During my tenure as a Police Officer, as well as an FBI TFO, I have conducted and participated in numerous investigations

of criminal activity, specifically including narcotics trafficking and violent offenses committed by street gangs. Since joining the OCVGTF in 2010, I have specialized in investigations of the Mexican Mafia and its subordinate gangs in Orange County. As a part of these investigations, I have also learned about the drug trafficking organizations that supply street gangs with illegal narcotics.

## II. PURPOSE OF AFFIDAVIT

4. This affidavit is made in support of a criminal complaint against and arrest warrant for SHAWN ROBERT WHALIN ("WHALIN"), for a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm).

5. The facts set forth in this affidavit are based upon information obtained from other law enforcement personnel, my personal knowledge, and my training and experience. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant, and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## III. SUMMARY OF PROBABLE CAUSE

6. On November 6, 2019, SAPD Police Officers J. McKee and T. Liggett were working together in a marked unit in a patrol capacity. At approximately 11:27 p.m., the SAPD Officers were conducting a patrol check in the area of 1400 South Rita Way, in

2

the city of Santa Ana, California, a neighborhood where SAPD Officers had previously identified a specific residence where people engage in illegal gambling.  During their patrol check, the Officers observed a vehicle travelling northbound on Rita Way without its headlights or taillights activated, in violation of the California Vehicle Code ("CVC").  The Officers continued to follow the vehicle and watched as it made an abrupt turn onto Rene Drive without signaling.  The Officers initiated a traffic stop and contacted the driver, identified as WHALIN.  While speaking to WHALIN, the Officer could smell the strong odor of marijuana coming from the vehicle.  The Officer looked into the vehicle and observed numerous open marijuana containers in plain sight.

7.   WHALIN was removed from the vehicle and WHALIN informed the Officer that there was a firearm underneath the driver's seat.  After placing WHALIN in the back of his marked unit, the Officer searched under the driver's seat and found a loaded Springfield, model XD45, .45 caliber handgun bearing the serial number XD759544.  The Officer rendered the weapon safe and found that it was loaded with nine (9) rounds of .45 caliber ammunition.  WHALIN was transported to the Santa Ana Jail where he was advised of his Miranda Rights.  WHALIN waived his Miranda Rights and stated that a friend had loaned him the vehicle he was driving on the evening of his arrest.  WHALIN explained that a friend had asked WHALIN to transport the weapon to the friend's residence because he did not want to have it with him at the gambling house.  WHALIN was booked on a variety of

weapons related charges. As explained below, at the time, WHALIN was a convicted felon.

### IV. STATEMENT OF PROBABLE CAUSE

**A.    November 6, 2019 Arrest of WHALIN**

8.   I have reviewed police reports prepared by SAPD Detective J. McKee and Crime Scene Investigator T. Parent regarding the incident that occurred on or about November 6, 2019, involving the arrest of WHALIN. Based on my review of the reports, I have learned the following facts:

   a.   On Wednesday, November 6, 2019, at approximately 11:27 p.m., SAPD Officer T. Liggett and Officer J. McKee were working uniformed patrol together in a marked SAPD patrol unit. Officers Liggett and McKee were conducting a patrol check of the neighborhood around the 1400 block of South Rita Way, in the city of Santa Ana, California. Based on his training and experience, Officer McKee knew that the residence located at 1415 South Rita Way is an illegal gambling establishment, commonly referred to as a "Slap House." "Slap Houses" are illegal gambling establishments that are located in residences that house a variety of electronic gaming machines used for gambling. "Slap houses" are often frequented by gang members and individuals interested in selling or using narcotics. Officer McKee has previously been involved in numerous investigations into "slap houses" involving narcotics, stolen vehicles and firearms.

   b.   During their patrol check, Officer Liggett and Officer McKee observed a white 2004 Cadillac Deville, with

California License Plate 6UTC656, traveling northbound on Rita Way. The vehicle did not have its taillights or headlights activated, in violation of California Vehicle Code ("CVC") 24600 and 24400(b). The Officers followed the vehicle as it traveled northbound on Rita Way before making a westbound turn onto Jan Way. The Officers continued to follow the Cadillac as it made an abrupt turn southbound onto Rene Drive without signaling, in violation of CVC 22107. When the vehicle accelerated as it turned southbound onto Rene, Officer McKee activated the overhead lights to the marked patrol unit to initiate a traffic stop.

c. The white Cadillac Deville yielded to the Officers and pulled into the driveway of 1409 South Rene Drive, Santa Ana, California. After the vehicle came to a stop, Officer McKee observed the male driver, later identified as WHALIN, open the driver's door and attempt to exit. Believing that WHALIN was attempting to flee on foot, Officer McKee exited the patrol unit and ordered WHALIN to remain inside the vehicle. WHALIN attempted to exit the vehicle, making it appear as if he was going to flee on foot. WHALIN complied with the Officer's commands and sat back in the driver's seat.

d. Officer McKee and Officer Liggett approached the vehicle and noticed a female occupant in the right front passenger seat, later identified as Araceli Castrejon. Officer McKee contacted WHALIN while in the driver's seat and asked him why he was driving so recklessly. WHALIN responded that he had just left the "net" on Rita Way and wanted to go home. "Net" is

an abbreviation for internet café, which is often used euphemistically to give the impression that the location in question is a place where individuals congregate to use the internet and not engage in illegal activity. While speaking to WHALIN, Officer McKee could see that WHALIN's hands were shaking and that he appeared to be extremely nervous. Officer McKee also recognized the strong odor of marijuana emanating from the vehicle. Officer McKee then looked into the vehicle and observed numerous open plastic marijuana containers in plain sight. When Officer McKee asked WHALIN if he had anything else illegal inside of the vehicle other than marijuana, WHALIN answered it was not his vehicle.

    e. Based on the totality of his observations, Officer McKee removed WHALIN from the vehicle. While escorting WHALIN to his marked police unit, Officer McKee asked WHALIN again if there was anything illegal inside of the vehicle other than opened containers of marijuana. WHALIN then informed Officer McKee that there was a firearm underneath the driver's seat. WHALIN was then handcuffed and placed to the rear of Officer McKee's police unit. When Officer McKee placed WHALIN in the back of his patrol vehicle, WHALIN spontaneously stated that the vehicle and firearm belonged to someone else. According to WHALIN, the other person had instructed WHALIN to take possession of the firearm and bring it to another residence. A records check of the Cadillac's license plate later confirmed that it is registered to another person, not WHALIN.

       f.   Castrejon was also removed from the vehicle and placed to the rear of another Officer's police unit who had arrived to assist with the investigation. Officer McKee then searched the area under the driver's seat of the Cadillac and discovered a black Springfield, model XD45, .45 caliber handgun bearing the serial number XD759544. Officer McKee removed the magazine from the firearm and found that it was loaded with nine (9) rounds of .45 caliber ammunition.

       g.   While at the scene, Officer McKee conducted an interview with Castrejon as she sat to the rear of Officer Buchanan's police unit. Prior to the interview, Officer McKee read Castrejon her Miranda Rights verbatim from his department issued Officer's Index. Castrejon stated she understood her rights and agreed to speak to Officer McKee. Castrejon said she met WHALIN approximately one week ago at "net." According to Castrejon, WHALIN was driving the white Cadillac when they first met. Castrejon stated that she and WHALIN drove together to the "slap house" located at 1415 South Rita Way, where they met her friend "Jasmine." WHALIN and Castrejon stayed at the "slap house" for a short period of time before leaving together to drive back to WHALIN's residence. Castrejon recounted that WHALIN became scared and exclaimed, "Fuck!" when the Officers were conducting their traffic stop. Castrejon claimed that she did not know about the firearm inside the vehicle.

       h.   Officer McKee and Officer Liggett then transported WHALIN to the Santa Ana Jail, where Officer McKee read WHALIN his Miranda Rights verbatim from his department

issued Officer's Index. WHALIN stated he understood his rights and agreed to speak to Officer McKee. During the interview of WHALIN, he told Officer McKee that his friend had loaned him the Cadillac approximately two days ago. WHALIN said his friend lent him the vehicle because he knows WHALIN is handicapped has had difficulties walking. WHALIN admitted to driving to the "slap house" on Rita Way with Castrejon earlier in the evening. While at the "slap house", WHALIN was approached by his friend who asked WHALIN if he could give the firearm to WHALIN to transport to the friend's residence. WHALIN believed that the friend made this request of him because the friend did not want the firearm to be with him at the "slap house." WHALIN agreed to take possession of the firearm, and watched as the friend placed the firearm underneath the driver's seat. After the friend had placed the firearm underneath the driver's seat, WHALIN and Casterjon left the "slap house" and began to drive back to WHALIN's residence. WHALIN stated that he knew he is previously convicted felon and is prohibited from possessing a firearm.

   **B.   <u>WHALIN's Criminal History</u>**

   9.   I have reviewed WHALIN's criminal history for felony convictions. Based on my review of those records, I have learned that WHALIN was convicted of the following felonies on or about the dates specified below:

      a.   On January 12, 1993, second degree burglary, in violation of California Penal Code ("CPC") § 460(b), in the

Orange County Superior Court, Case No. CYW249204POF, for which he was sentenced to 16 months in prison; and

  b. On May 5, 1995, petty theft with prior jail, in violation of CPC § 666, in the San Bernardino County Superior Court, Case No. FWV06252, for which he was sentenced to 16 months in prison; and

  c. On November 7, 2003, possession or intent to pass any forged, altered or counterfeit items, in violation of CPC § 475(a), in the Orange County Superior Court, Case No. 03CF1034, for which he was sentenced to 2 years in prison; and

  d. On July 29, 2009, possession of a controlled substance (methamphetamine), in violation of Health and Safety Code ("HS") § 11377(a), in the Orange County Superior Court, Case No. 09CF1437, for which he was sentenced to 2 years suspended sentenced in prison, 3 years probation and 365 days in jail.

**C. Interstate Nexus**

10. On December 20, 2019, I contacted FBI Special Agent ("SA") and Firearms Instructor, Arrin Langdon, regarding the weapon and ammunition recovered in this case. On December 20, 2019, SA Langdon reviewed the firearm seized as evidence by SAPD on November 6, 2019, for purposes of determining whether the firearm and ammunition had traveled in interstate or foreign commerce. During his review of the firearm, SA Langdon determined that the firearm recovered during the aforementioned traffic stop was the following:

11. A Springfield Armory, model XD45, .45 caliber firearm bearing serial number XD759544. Based on SA Langdon's review of the firearm, SA Langdon informed me that the firearm was manufactured in Croatia. SA Langdon determined that the firearm is a firearm as defined in Title 18, United States Code, Chapter 44, Section 921(a)(3) and had to have moved through foreign commerce given that it was recovered in California.

## V. CONCLUSION

12. For all the reasons described above, there is probable cause to believe that WHALIN has committed a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm).

_____
FARSHID HASHEMPOUR
Task Force Officer, FBI
Detective, SAPD

Subscribed to and sworn
before me this 26th day of
December 2019.

_____
UNITED STATES MAGISTRATE JUDGE

10