```
                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
                     SOUTHERN DIVISION - SANTA ANA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOs: 8:20-CR-00006-DOC |
|  | ) | 8:19-MJ-00965 |
| Plaintiff, | ) |  |
|  | ) | CRIMINAL |
| vs. | ) |  |
|  | ) | Santa Ana, California |
| SHAWN ROBERT WHALIN, | ) |  |
|  | ) | Friday, December 27, 2019 |
| Defendant. | ) | (2:33 p.m. to 2:46 p.m.) |

## INITIAL APPEARANCE

### BEFORE THE HONORABLE DOUGLAS F. McCCORMICK,
### UNITED STATES MAGISTRATE JUDGE

**APPEARANCES:**

| | |
|---|---|
| For Plaintiff: | GREGORY S. SCALLY, ESQ.<br>AUSA - Office of the U.S. Attorney<br>411 West Fourth Street, Suite 8000<br>Santa Ana, CA 92701<br>714-338-3592 |
| For Defendant: | JOHN W. BARTON, ESQ.<br>Law Office of John W. Barton<br>23 Corporate Plaza, Suite 150<br>Newport Beach, CA 92660<br>949-222-1199 |
| U.S. Pretrial Services: | Officer Martinez |
| Court Reporter: | Recorded; CourtSmart |
| Courtroom Deputy: | Denise D. Vo |
| Transcribed by: | Exceptional Reporting Services, Inc.<br>P.O. Box 8365<br>Corpus Christi, TX 78468<br>361 949-2988 |

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1   **Santa Ana, California; Friday, December 27, 2019; 2:33 p.m.**

2                          **(Call to Order)**

3          **THE CLERK:**  Calling Case SA 19-965-M, *United States of America versus Shawn Robert Whalin.*

5          **MR. SCALLY:**  Greg Scally for the United States.  Good afternoon, Your Honor.

7          **THE COURT:**  Good afternoon, Mr. Scally.

8          **MR. BARTON:**  Good afternoon, Your Honor, John Barton seeking appointment on behalf of Mr. Whalin.  He's present.

10         **THE COURT:**  Good afternoon, Mr. Barton.

11         Good afternoon, Mr. Whalin.  Mr. Whalin, I have a financial affidavit that's been submitted to me on your behalf in support of Mr. Barton's request for appointment.  Is that your signature at the bottom of the form, sir?

15         **THE DEFENDANT:**  Yes, sir.

16         **THE COURT:**  Are the statements in your financial affidavit -- what you're telling me about your financial condition, are those statements true?

19         **THE DEFENDANT:**  Yes, sir.

20         **THE COURT:**  All right.  I find that you are entitled to the appointment of counsel and I'll appoint Mr. Barton of our Court's Indigent Defense Panel to represent you.

23         Mr. Whalin, you've been charged in a document called a "Criminal Complaint" and that comes with an affidavit that was signed by a Federal officer.  Have you received that

1  complaint and affidavit here this afternoon?

2       **THE DEFENDANT:** Yes, sir.

3       **THE COURT:** Have you had a chance to look at those?

4       **THE DEFENDANT:** Yes, sir.

5       **THE COURT:** I'm not asking you right now to admit or

6  deny the truth of anything but do you understand what the

7  Government alleges that you did?

8       **THE DEFENDANT:** Yes.

9       **THE COURT:** All right. I have a Notice of Request

10 for Detention. Let me look at it real quick here.

11      Okay. Mr. Barton, did you receive that also?

12      **MR. BARTON:** I did, Your Honor.

13      **THE COURT:** Okay. Mr. Scally, would you tell me what

14 you're proffering in support of the request, please?

15      **MR. SCALLY:** The Pretrial Services Report, its

16 recommendation of detention and the complaint and affidavit.

17      **THE COURT:** Okay. Mr. Barton, do you wish to be

18 heard on the issue of bond?

19      **MR. BARTON:** I do, Your Honor.

20      **THE COURT:** All right, go ahead.

21      **MR. BARTON:** Your Honor, as pointed out by the

22 Pretrial Services Report, my client is a lifetime resident of

23 the Central District. He has no passport. He's traveled once

24 to Tijuana. I believe that was about 15 years ago. He has

25 resided with his mother for a substantial period of time.

1          This case was originally filed in -- or he was
2 arrested in State court and was bailed out.  He has made no
3 attempt to flee.  There is no indication that he would be a
4 flight risk.
5          With respect to his record -- and I understand it is
6 extensive -- it does end in 2009.  I think that ten and a half
7 years of a crime-free life should be recognized by this Court
8 as an indication that he has turned his life around.  I have
9 spoken to his mother since Pretrial did and the mother, who was
10 at a doctor's appointment, indicated that she would be willing
11 to sign a 20,000-dollar surety bond.
12         And I would suggest this, that my client honestly
13 admitted to -- he had used meth a couple days ago.  I think
14 that what would be an appropriate conditions of release would
15 be that he be released on the following conditions, that his
16 mother post a 20,000-dollar signature bond, that he be ordered
17 to attend an in-residency drug program when it's available,
18 that until that time that he's released on an ankle bracelet
19 with Pretrial -- with extensive Pretrial oversight and that he
20 have a curfew and not be -- not leave his house without prior
21 permission from Pretrial.
22         And my experience has been -- at least my last
23 experience with Pretrial getting an individual in a drug
24 residency program, my last client took over six weeks.  There
25 is a waiting list.  It could take two weeks.  It could take two

1  months but until that time, I think if we put him out on --
2  send him home on an ankle bracelet with a curfew, I think that
3  would address that issue.
4         So in light of the fact that these charges have been
5  known to him for a month and a half that he's made no attempt
6  to flee, that he has an extended period of time of a crime-free
7  lifestyle and that his connections to the Central District
8  would suggest that he has met his burden and that he wouldn't
9  be a flight risk or a danger.
10         **THE COURT:**  Mr. Scally?
11         **MR. SCALLY:**  Your Honor, the Government is amenable
12  to Defendant's suggestion regarding residential drug treatment.
13  I think that is the right approach for this Defendant in light
14  of, we see that he did use meth recently.  I'm happy to see
15  this individual states he's amenable to treatment.  I think
16  that's -- would be a step in the right direction.
17         And I think he should be in a controlled environment.
18  There's mention in here about not taking a particular
19  medication that he ought to be taking.  So I think what makes
20  sense is to detain this individual and release him only to a
21  residential drug facility.
22         I share Counsel's concerns that potentially that will
23  take some time but I'm hopeful that Pretrial could find that
24  sooner rather than later and that this individual could go to a
25  residential drug treatment facility as soon as possible.

1 **THE COURT:** Ms. Martinez -- Officer Martinez, do you
2 want to talk to me out here or back in chambers about your
3 thoughts about Mr. Whalin and drug treatment?
4 **UNITED STATES PRETRIAL SERVICES OFFICER MARTINEZ:** We
5 can talk here, Your Honor.
6 **THE COURT:** Okay.
7 **UNITED STATES PRETRIAL SERVICES OFFICER MARTINEZ:**
8 Given the Pretrial Services Report, Your Honor, and the fact
9 that his mother is willing to now post a higher bond amount,
10 Pretrial Services would be willing to revisit our previous
11 recommendation of detention to allow the Defendant to enter
12 residential drug treatment.
13 **THE COURT:** Okay. So the only, I think, remaining
14 issue is whether we wait a spot to open up and have him remain
15 in custody or release him forthwith with the thought that he
16 will be on a location monitoring program.
17 Mr. Scally, it sounds like the Government is opposed
18 to that?
19 **MR. SCALLY:** Yes, Your Honor, just the recent drug
20 use is the --
21 **THE COURT:** You don't need to justify why. I just
22 want to clarify you are opposed to that.
23 **MR. SCALLY:** That's correct, Your Honor.
24 **THE COURT:** Officer Martinez, your thoughts about
25 that?

1 **UNITED STATES PRETRIAL SERVICES OFFICER MARTINEZ:** We
2 would prefer that he enters residential treatment --
3 **THE COURT:** I think that's probably preferable.
4 All right. So, Mr. Whalin, here's what I'm going to
5 offer -- I'm going to impose. I'm going to set bond as
6 follows. You're going to be ordered released upon the posting
7 of an unsecured appearance bond in the amount of $25,000 -- I'm
8 sorry -- an appearance bond in the amount of $25,000. I said
9 it's unsecured. It will actually be secured by an Affidavit of
10 Surety without Justification signed by a responsible third
11 party which in this case will be your mother, Mrs. Mexia
12 (phonetic). Did I get that name correctly?
13 **THE DEFENDANT:** Yes.
14 **THE COURT:** All right. In addition to the general
15 conditions of release as set forth in the Court's release order
16 and bond form, I'm going to order you placed on the following
17 terms and conditions of release.
18 You're going to be placed on Pretrial Services
19 supervision as directed by Pretrial Services.
20 I order you to surrender all passports and travel
21 documents to Pretrial Services, well, no later than this
22 Friday. Mr. Barton -- I'm sorry. It looks likes next Friday
23 is January 3rd, 2020. Mr. Barton will help with that. Sign a
24 declaration regarding passport and other travel documents and
25 not apply for a passport or other travel documents during the

1 pendency of this case.

2 Your travel will be restricted to the Central
3 District of California unless prior permission is granted by
4 Pretrial Services to travel to a specific location. Court
5 permission is required for international travel.

6 And these conditions are going to be conditions that
7 could take place after you are discharged from residential
8 treatment. So residential treatment is what we're going to
9 talk about in a minute.

10 You are to reside as approved by Pretrial Services
11 and not relocate without prior permission from Pretrial
12 Services and you are to maintain or actively seek employment
13 and provide proof of the same to Pretrial Services.

14 You are ordered not to possess any firearms,
15 ammunition, destructive devices or other dangerous weapons and
16 in order to determine compliance, you agree to a search of your
17 person and/or property by Pretrial Services in conjunction with
18 the United States Marshal.

19 You are also ordered not to use or possess illegal
20 drugs or state-authorized marijuana and in order to determine
21 compliance, you agree to submit to a search of your person
22 and/or property by Pretrial Services in conjunction with the
23 United States Marshal.

24 And you are not -- also not to use for purposes of
25 intoxication any controlled substance analog as defined by

1  Federal law or street synthetic or designer psychoactive

2  substance capable of impairing mental or physical functioning

3  more than mentally except as prescribed by a medical doctor.

4  Now, you're also going to be ordered to submit to

5  drug testing and if directed to do so, participate in out-

6  patient treatment approved by Pretrial Services and you will

7  pay all or part of the cost for testing and treatment based

8  upon your ability to pay as determined by Pretrial Services.

9  Also, you are ordered to participate in residential

10 drug treatment as directed by Pretrial Services and you must

11 pay all or part of the cost for treatment based upon your

12 ability to pay as determined by Pretrial Services.

13 And I'm going to order you released to Pretrial

14 Services only. So they're going to find a location for you to

15 go into, a residential treatment facility for you and once they

16 do, then you'll be released to them and they'll take you to

17 that facility.

18 You're going to be -- I'm also going to order you to

19 submit to a mental health evaluation and if directed to do,

20 participate in mental health counseling and/or treatment as

21 approved by Pretrial Services and you must pay all or part of

22 the cost based upon your ability to pay as determined by

23 Pretrial Services.

24 I'm not going to order any location monitoring

25 program in light of the residential treatment.

1        Any additional conditions, Mr. Scally, that I left
2   out?
3        **MR. SCALLY:** No, Your Honor.  Thank you.
4        **THE COURT:** Officer Martinez?
5        **UNITED STATES PRETRIAL SERVICES OFFICER MARTINEZ:**
6   No, Your Honor.  Thank you.
7        **THE COURT:** All right.  In addition to those -- if
8   you fail to obey any of those conditions, Mr. Whalin, including
9   the general conditions of release that are set forth in the
10  Court's release order and bond form, your bond may be forfeited
11  for the Government.  That's a bond that your mother is going to
12  sign.
13       **THE DEFENDANT:** Yes.
14       **THE COURT:** Your release order may be revoked and a
15  warrant for your arrest may be immediately issued.  You could
16  also be subject to prosecution for contempt that could result
17  in a possible term of imprisonment and/or a fine in addition to
18  the penalties you are facing if convicted of the charges
19  against you.
20       So do you understand the consequences that may result
21  if you violate any of the terms and conditions of your release?
22       **THE DEFENDANT:** Yes, I do, Your Honor.
23       **THE COURT:** All right.  So I want to see you complete
24  that drug treatment program, the residential treatment program
25  and then comply with all the other terms and conditions.  Do

1  you agree and promise to abide by all those terms and
2  conditions?
3          **THE DEFENDANT:**  Yes, I do.
4          **THE COURT:**  All right.  Thank you.  Those will be the
5  terms and conditions set for bond.
6          Let's talk about what the next proceedings are going
7  to be.  I'm going to set a date for a preliminary hearing as
8  well as a date for post-indictment arraignment.  Let me do that
9  now.  The preliminary hearing will be -- I'm going to assume
10 we're not going to get Mr. Whalin out of custody in less than
11 14 days, just in my experience.  I'm going to go ahead and set
12 preliminary hearing for Friday, January 10th, 2020 at 3:00 p.m.
13 in Courtroom 6A before Judge Early.
14         I'm going to also set post-indictment arraignment
15 Monday, January 13th, 2020 at 10:00 a.m. before Judge Scott in
16 Courtroom 6A.  So preliminary hearing for January 10th at 3:00
17 p.m. before Judge Early and PIA January 13th at 10:00 a.m.
18 before Judge Scott both next door in Courtroom 6A.
19         You're ordered to appear on those dates and times,
20 Mr. Whalin.  I think it will be likely given that we're up
21 against a couple more holidays here, that'll be about the time
22 you get into the residential drug treatment program thereabouts
23 but I'm not an expert on that.  They'll get you in as soon as
24 they can.
25         In the meantime, you're going to be remanded to the

1  custody of the United States Marshal pending them finding a
2  drug treatment facility for you.  Okay.
3          Anything further, Mr. Barton?
4          **MR. BARTON:**  No, Your Honor.
5          **THE COURT:**  Mr. Scally?
6          **MR. SCALLY:**  No, Your Honor.  Thank you.
7          **THE COURT:**  Thank you, both.
8          **THE CLERK:**  This court is adjourned.
9      **(Proceeding adjourned at 2:46 p.m.)**

**EXCEPTIONAL REPORTING SERVICES, INC**

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____  October 16, 2021
Signed                            Dated

*TONI HUDSON, TRANSCRIBER*

**EXCEPTIONAL REPORTING SERVICES, INC**